CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
August 23, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 1:17CR00020-013 |
| | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BRIAN GRAFF,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Matthew Hill, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant Brian Graff, previously sentenced by this court, has filed a motion seeking compassionate release pursuant to 18 U.S.C § 3582(c)(1)(A). The defendant contends that had he been sentenced today, there would not be an applicable mandatory minimum of imprisonment. He also alleges that the health issues of his parents require his release and that he has been rehabilitated while in prison. For the reasons that follow, his motion will be denied.[1]

[1] Graff filed his motion without the assistance of an attorney, and the court then appointed the Federal Public Defender to represent him. The Federal Public Defender has advised the court that no supplemental motion will be filed. No reply to the government's response in opposition has been timely filed and the motion is thus now ripe for determination.

I.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has adopted such policy statements. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 (U.S. Sent'g Comm'n 2023). But even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, No. 3:04-cr-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024).

II.

Graff was sentenced by this court by an amended judgment on March 19, 2018, for conspiracy to possess with intent to distribute and distribute 50 grams or more of a substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and 851. At the time of sentencing, Graff had a total offense level of 27 and a criminal history category of III, leading to a guideline imprisonment range of 87 to 108 months. Presentence Investigation Report (PSR) ¶ 323, ECF No. 999. However, Graff was subject to a

statutorily required minimum term of 120 months because of a previous state felony drug offense. *Id.* at ¶ 322. According to the Bureau of Prisons website, Graff is currently designated to a Residential Reentry Management field office, meaning that he is likely being supervised while on home confinement. His projected release date from the custody of the Bureau of Prisons is October 24, 2024, when he will begin his supervised release term of eight years.

III.

The government concedes that if Graff were sentenced anew today, he would not be subject to a mandatory minimum sentence. United States' Opp'n 6, ECF No. 1012. However, USSG § 1B1.13(b)(6) provides that a change in the law may be considered in determining whether the defendant presents an extraordinary and compelling reason if the defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment. It is clear from the record that Graff has not met that required time period of imprisonment. Mot. Ex. C, ECF No. 967-3. He is thus ineligible for compassionate release under § 1B1.13(b)(6).

Additionally, Graff has not made the requisite showing to be eligible under USSG § 1B1.13(c). This provision requires a defendant to establish that a separate extraordinary and compelling reason warrants a sentence reduction in order for a change in law to be considered for purposes of determining the extent of any such reduction. Graff's motion does not establish any such reason. He does allege that

his father has suffered multiple strokes and has lost almost complete use of the left side of his body. He also states that his mother is still recovering from complications from esophageal cancer and has developed pancreatitis because of an incorrect prescription. However, Graff has not presented any evidence of his parents' conditions such as medical records or affidavits to show that both are incapacitated. USSG § 1B1.13(b)(3)(C); *see United States v. Castle*, No. 2:15-CR-00190-KJM-DB-2, 2024 WL 3429668, at *2 (E.D. Cal. July 16, 2024) (finding persuasive the Bureau of Prison's program statement regarding compassionate release defining "incapacitation" to mean "completely disabled," "cannot carry on any self-care," "totally confined to a bed or chair" or has a severe cognitive deficit severely affecting the individual's mental capacity or function).

In addition, while Graff alleges that his brother lives too far away to assist with his parents' care and that his sister is estranged, he must also show he is his parents' "only available caregiver." USSG § 1B1.13(b)(3)(C).

Finally, Graff contends that his prison history shows that he has been rehabilitated. While the rehabilitation of a defendant is not in of itself an extraordinary and compelling reason, it may be considered in connection with other circumstances. USSG § 1B1.13(d). For the reasons offered by the government in its response, I find that even if that ground were sufficient, a consideration of the § 3553(a) factors would convince me not to grant relief.

IV.

Accordingly, it is **ORDERED** that the defendant's motion, ECF No. 967, is DENIED.

ENTER: August 23, 2024

/s/ JAMES P. JONES
Senior United States District Judge